# CISSEL, TALBOT, & COMPANY *v.* HAYDEN.*

---

### BROKERS; TRIAL; JURY.

1. Where an owner of land has authorized a number of real estate agents to sell the same for him, that agent is entitled to commission who first brings to the owner a contract which is satisfactory to him, and which the owner accepts, provided there has been no collusion between the agent and the owner, to defeat another agent who has been negotiating with the purchaser. (Citing *Evans* v. *Shinn*, 40 App. D. C. 557.)

2. A real estate agent authorized by the owner of land to sell the same is not, where he is not shown to have been an exclusive agent, entitled to commissions upon an independent sale effected by the owner in good faith before receiving notice that the agent had procured a purchaser. (Distinguishing *Bryan* v. *Abert*, 3 App. D. C. 180.)

3. Permitting two of the jurymen in a civil case to sit in another case tried during an adjournment taken to permit the taking of evidence on a point raised during the argument of the first case is not an abuse of the trial court's discretion, where the duration of the second case was not such as to delay the trial of the first, and the two cases involved no questions in common.

No. 2602.   Submitted January 9, 1914.   Decided February 2, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover an amount alleged to be due as a commis-

---

*Brokers—Commissions.*—Upon the question of the right to commissions where two or more real estate brokers acting for the same person are instrumental in effecting a sale of property to a certain purchaser, see notes to *Hoadley* v. *Savings Bank*, 44 L.R.A. 337; *Jennings* v. *Trimmer*, 23 L.R.A. (N.S.) 164; and *Dalke* v. *Sivyer*, 27 L.R.A.(N.S.) 195; as to broker's right to commission when sale is made by owner in ignorance of former's instrumentality in procuring purchaser, see note to *Quist* v. *Goodfellow*, 8 L.R.A. (N.S.) 153; as to the effect upon the right of a real estate broker to commission, of fact that owner sells to broker's customer at reduced price, see notes to *Ball* v. *Dolan*, 15 L.R.A.(N.S.) 272, and *Gilmore* v. *Bolio*, 34 L.R.A. (N.S.) 1050.

sion for procuring a purchaser for certain real estate belonging to defendant.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Joseph A. Burkart* and *Mr. Michael J. Colbert* for the appellant.

*Mr. Chapin Brown* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a judgment for the defendant, William H. Hayden, appellee here, in the supreme court of the District in an action by the plaintiff, Cissel, Talbot, & Company, appellant here, for the recovery of $6,750, alleged to be due the plaintiff as its commission for procuring a purchaser for certain real estate belonging to the defendant.

The evidence for the plaintiff corporation tended to show that the defendant authorized it to sell his premises, 942 F. street, N. W., in this city, for the sum of $225,000, and that the commission for selling was to be 3 per cent; that agents of the plaintiff called upon the defendant at about 11 o'clock in the forenoon of March 1, 1912, and notified him that they had procured a purchaser for his property upon the terms previously agreed upon, and that this purchaser was then ready to enter into a binding contract; that the defendant informed them that he was not quite ready, but would see them the next day; that thereafter the defendant informed plaintiff's agent that, at the time of the above interview of March 1st, he had already sold the property to a purchaser other than that procured by the plaintiff.

The evidence for the defendant tended to show that he had never authorized the plaintiff to procure a purchaser for his property, and, further, that he himself entered into a binding contract for the sale of said property prior to the interview with plaintiff's agents on said March 1st. It was subsequently ad-

mitted in open court in behalf of the plaintiff that the sale of the property by the defendant was a bona fide sale and made at the time claimed.

The plaintiff requested the court to instruct the jury, in effect, that if they should find that the defendant authorized the plaintiff to procure a purchaser for his property, and that the plaintiff did procure such a purchaser upon the agreed terms, that the plaintiff was entitled to recover "even though the sale was not consummated by reason of the failure of the defendant to consummate the sale." The refusal of the court to grant this prayer is assigned as error.

There was no contention on the part of the plaintiff that it was an exclusive agent. In other words, the defendant was not only free to deal with other agents, but to effect a sale himself. Where there are a number of agents, "the agent is entitled to the commission who first brings to the owner a contract satisfactory to him, and which the owner accepts, provided there has been no collusion between the agent and the owner to defeat another agent who has been negotiating with the purchaser." *Evans* v. *Shinn,* 40 App. D. C. 557. The same reasoning is applicable here. The defendant was free to negotiate the sale of his property, and, having effected such a sale before the receipt of notice by the plaintiff that it had procured a purchaser, the plaintiff was in no better position than it would have been had another agent first reached the defendant with a satisfactory contract. Had the defendant sold the property to the purchaser actually found and stimulated to the purchase by the plaintiff, a different case would be presented. *Bryan* v. *Abert,* 3 App. D. C. 180. Since the instruction requested by the plaintiff entirely ignored the sale made by the defendant, it was properly refused.

During the argument of the case the plaintiff's counsel questioned the bona fides of said sale by the defendant. Thereupon the court suspended the trial for the purpose of allowing the introduction of other evidence upon this point. The plaintiff concedes that this was well within the powers of the court. The record further recites: "The court, realizing that this would

necessitate the adjournment of the case at bar for at least the balance of the day, allowed two of the members of the jury sitting in the case at bar, to sit upon a case that was then upon the call of the court, namely, the case of ———— ————, * * * which case was finished and verdict rendered by about 11 o'clock on the following morning; namely, on April 22, 1912. There was no misconduct suggested on the part of the two jurymen who sat upon the other case."

The action of the court in permitting these two jurymen to sit in another case before the termination of the trial of this case is assigned as error. It is conceded by counsel for the plaintiff that such a practice has been followed in the court below but always with the consent of counsel. It is urged that such a practice tends to distract the attention of jurors from the consideration of the first case which they were sworn to try. Upon the facts before us, we are clearly of the opinion that there was no abuse of discretion by the learned trial justice. It does not appear that the trial of this case was delayed, nor does it appear that the second case involved questions similar to those here in issue. In other words, so far as the record discloses, the short service upon the second jury by these two jurors no more disqualified them than attention to business or indulgence in various forms of amusement would have disqualified the other ten.

Judgment affirmed, with costs.                    *Affirmed.*